*E-Filed 5/20/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRUCE L. FULLER,<br><br>   Plaintiff,<br><br> v.<br><br>ANDREW JOHN HAYNAL,<br><br>   Defendant.<br>_____/ | No. C 13-0172 RS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that his attorney violated his federal constitutional rights when he destroyed without plaintiff's consent files related to plaintiff's legal proceedings. Plaintiff's attorney appears to be a private, not a state, actor. Private actors are not liable under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In order to state a claim for relief, plaintiff must allege facts showing that his attorney was acting under color of state law.

Accordingly, the action is DISMISSED without prejudice. Any motion to reopen must include a complaint containing nonconclusory factual allegations that defendant was acting under color of state law. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED**.

DATED: May 20, 2013

　　　　　　　　　　　　　　　　　　RICHARD SEEBORG
　　　　　　　　　　　　　　　　　　United States District Judge