United States District Court
For the Northern District of California

*E-Filed 8/1/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BRUCE L. FULLER,                          No. C 13-0172 RS (PR)

        Plaintiff,                     **ORDER OF DISMISSAL**

    v.

ANDREW JOHN HAYNAL,

        Defendant.

_____/

## INTRODUCTION

    This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner.  The original complaint was dismissed without prejudice.  Plaintiff filed a first amended complaint, and the action was reopened.  The Court now reviews the first amended complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

### A.    Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

1    be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.*

2    § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica*

3    *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4         A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

5    to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

6    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

7    plausibility when the plaintiff pleads factual content that allows the court to draw the

8    reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

9    *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions

10   cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

11   the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

12   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13   (1) that a right secured by the Constitution or laws of the United States was violated, and

14   (2) that the alleged violation was committed by a person acting under the color of state law.

15   *See West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **B.    Legal Claims**

17        Plaintiff alleges that his attorney violated his federal constitutional rights when he

18   destroyed without plaintiff's consent files related to plaintiff's legal proceedings.  A state-

19   appointed defense attorney "does not qualify as a state actor when engaged in his general

20   representation of a criminal defendant."  *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

21   *Polk County* "noted, without deciding, that a public defender may act under color of state law

22   while performing certain administrative [such as making hiring and firing decisions], and

23   possibly investigative, functions."  *Georgia v. McCollum*, 505 U.S. 42, 54 (1992) (citing

24   *Polk County*, 454 U.S. at 325.)  Under this standard, plaintiff's allegations fail to state a

25   claim for relief under § 1983.  As put forth in the complaint, counsel's destruction of certain

26   files was neither an administrative nor investigative function constituting action by a state

27   actor, as those functions are described by binding legal authority.  In allegedly destroying his

28

United States District Court
For the Northern District of California

files, it appears that defense counsel was a private, not a state, actor, and therefore not liable under § 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Accordingly, the action is DISMISSED. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED**.

DATED: August 1, 2013

_____
RICHARD SEEBORG
United States District Judge

No. C 13-0172 RS (PR)
ORDER OF DISMISSAL

United States District Court
For the Northern District of California